# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| EARL GRAHAM, as personal representative of the ESTATE OF FAYE GRAHAM, <br><br> Plaintiff, <br><br> v. <br><br> R.J. REYNOLDS TOBACCO COMPANY, individually and as successor by merger to the BROWN AND WILLIAMSON TOBACCO CORPORATION and the AMERICAN TOBACCO COMPANY; PHILIP MORRIS USA, INC.; LORILLARD TOBACCO COMPANY; and LIGGETT GROUP, LLC., f/k/a LIGGETT GROUP, INC., <br><br> Defendants. | Case No. 3:09-cv-13602-MMH-HTS <br><br><br> JURY DEMAND |

## FIRST AMENDED COMPLAINT

EARL GRAHAM, as personal representative of the ESTATE OF FAYE GRAHAM, hereby sues Defendants as follows:

## JURISDICTION

1.  This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act (CAFA) as a removed mass action pursuant to 28 U.S.C. 1332(d) and pursuant to 28 U.S.C. § 1331. This is an action for damages in excess of $75,000.

## VENUE

2.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a)-(c) as the Defendants are all corporations and are subject to the personal jurisdiction of this court and the acts giving rise to Plaintiff's cause of action occurred in the Middle District of Florida.

946358.1

**RELIEF SOUGHT**

3. This complaint seeks compensatory and punitive damages in accordance with the Florida Wrongful Death Act, the Florida Survival Statute and with the Florida Supreme Court's class action decision and mandate in *Engle v. Liggett Group, Inc.*, 945 So.2d 1246 (Fla. 2006).

**PLAINTIFF**

4. Faye Graham, hereafter (the "Decedent"), was at times material a resident of the State of Florida, suffering from non small cell lung cancer and/or other *Engle* diseases (as defined below in ¶18(a), hereinafter "*Engle* disease") within the time frames defined by the *Engle* Court, and otherwise was a member of the *Engle* class. Decedent died of her *Engle* disease November 18, 1993.

5. The named personal representatives of the Estate brings this claim on behalf of the estate of Decedent and any survivors that qualify under the Florida Wrongful Death Act. In the alternative, the named personal representative of the Estate asserts injury claims for survival damages pursuant to Section 46.021, Florida Statutes.

6. The potential beneficiaries of a recovery in this action and the relationship to the Decedent are as follows:

| NAME | RELATIONSHIP | YEAR OF BIRTH |
|---|---|---|
| Earl Graham | spouse | XXXX |
| Connie Nazworth | daughter | XXXX |
| Danny Nazworth | son | XXXX |
| Mike Nazworth | son | XXXX |
| Barbara Nazworth | daughter | XXXX |
| John O'Neal | son | XXXX |

| | | |
|---|---|---|
| Charlie O'Neal | son | XXXX |

## DEFENDANTS

7.     Defendants R.J. REYNOLDS TOBACCO COMPANY as R.J. REYNOLDS TOBACCO COMPANY; R.J. REYNOLDS TOBACCO COMPANY as Successor in Merger to BROWN AND WILLIAMSON CORPORATION and THE AMERICAN TOBACCO COMPANY; PHILIP MORRIS, USA, INC.; LORILLARD TOBACCO COMPANY and LIGGETT GROUP LLC (f/k/a Liggett Group, Inc., f/k/a Liggett & Myers Tobacco Company), are manufacturers of cigarettes, or their successors/predecessors are manufacturers of cigarettes, and they are foreign corporations doing business in Florida who, at times material to this action, designed, manufactured, advertised, marketed, and sold tobacco products for human consumption which proximately caused injury to Plaintiff.

8.     Defendants were at times relevant participants in the actions and conduct of non-parties Council for Tobacco Research -- USA, Inc. (The "Council") and the Tobacco Institute, Inc. (The "Institute").

## GENERAL ALLEGATIONS

9.     In approving the *Engle* Phase I class certification and trial, but ordering post Phase I class decertification, the Florida Supreme Court provided Plaintiff the opportunity to complete unresolved damages claims.

10.     The Florida Supreme Court held, *inter alia,* "that it was proper to allow the jury to make findings in Phase I on Questions 1 (general causation), 2 (addiction of cigarettes), 3 (strict liability), 4(a) (fraud by concealment), 5(a) (civil-conspiracy-concealment), 6 (breach of implied warranty), 7 (breach of express warranty), and 8 (negligence). Therefore, these findings in favor of the *Engle* class can stand." The Court further held that specified liability and general causation findings by the *Engle* jury did not need to be proved again as they shall be given

preclusive effect.  Consequently, Plaintiff brings this action upon the limited remaining issues in dispute, to-wit: specific causation, apportionment of damages, comparative fault, compensatory damages, entitlement to punitive damages, and punitive damages.

11. The Decedent at times relevant purchased, smoked, and was addicted to cigarette products manufactured and sold by Defendants which were the subject of *Engle*.  These cigarettes were designed, manufactured, advertised, marketed, and sold by the Defendants at all times material to these claims.

12. At all times relevant to this action, the Decedent herein :

   a. was addicted to, purchased, and smoked cigarettes containing nicotine that were designed, manufactured, advertised, and marketed by one or more of the Defendants, and

   b. did so in sufficient quantities and for a sufficient time period to cause or substantially contribute to causing injury or aggravation of a preexisting condition in the form of diseases and medical conditions, including the form of diseases and medical conditions that ultimately resulted in the injuries to Decedent.

13. As a direct and proximate result of smoking cigarettes manufactured and sold by Defendants, the Decedent suffered from her *Engle* diseases.  Decedent's *Engle* diseases and related medical conditions were a result of Decedent's addiction to cigarettes that contain nicotine, and  Decedent's *Engle* diseases and related medical conditions manifested during the class period and caused the injuries described herein.

14. The Decedent's actions in using Defendant's cigarettes as marketed and intended by Defendants, and related to the frequency, duration and manner of Decedent's efforts to cease smoking, should be considered by the jury along with Defendants' acts and omissions for purposes of determining whether the Decedent's acts or omissions rise to the level of negligence

and constitute comparative fault. Any such negligence by the Decedent, however, was not a legal cause of the Decedent's death.

15. As a direct and proximate result of Decedent's addiction to and consequent smoking of Defendants' cigarettes, Decedent suffered *Engle* diseases which caused mental and emotional pain, medical and financial expenses, shortened life expectancy and death. Plaintiff claims all damages allowed by law.

16. The threshold requirement for pleading punitive damages has been previously met in the *Engle* Phase I proceeding.

## COMMON LIABILITY FINDINGS

17. Plaintiff asserts the jury findings in the Phase I *Engle* trial, which were given preclusive effect by the Florida Supreme Court, including but not limited to the following:

   a. Smoking cigarettes causes aortic aneurysm, bladder cancer, cerebral vascular disease, cervical cancer, chronic obstructive pulmonary disease, coronary heart disease, esophageal cancer, kidney cancer, laryngeal cancer, lung cancer (specifically, adenocarcinoma, large cell carcinoma, small cell carcinoma, and squamous cell carcinoma), complications of pregnancy, oral cavity/tongue cancer, pancreatic cancer, peripheral vascular disease, pharyngeal cancer, and stomach cancer.

   b. Nicotine is addictive.

   c. All of the Defendants placed cigarettes on the market that were defective and unreasonably dangerous.

   d. All of the Defendants concealed or omitted material information not otherwise known or available, knowing that the material was false or misleading, or failed to disclose a material fact concerning the health effects or addictive nature of smoking cigarettes or both.

   e. All of the Defendants agreed to conceal or omit information regarding the health effects of cigarettes or their addictive nature with the intention that smokers and the public would rely on this information to their detriment.

   f. All of the Defendants sold or supplied cigarettes that were defective.

   g. All Defendants sold or supplied cigarettes that, at the time of sale or supply, did not conform to representations of fact made by Defendants.

   h. All of the Defendants were negligent.

## COUNT I FOR STRICT LIABILITY

18. Plaintiff realleges paragraphs 1 through 18 as if fully set forth herein.

19. With respect to smoking and health and the manufacture, marketing and sale of their cigarettes, the *Engle* Phase I findings conclusively establish that the cigarettes sold and placed on the market by Defendants were defective and unreasonably dangerous.

20. As a direct and proximate result of the foregoing, Decedent suffered the injuries described herein.

WHEREFORE, Plaintiff demands judgment for damages, including costs, interest as applicable, attorney's fees and all other relief this Court deems appropriate.

## COUNT II FOR BREACH OF EXPRESS WARRANTY

21. Plaintiff realleges paragraphs 1 through 21 as is fully set forth herein.

22. With respect to smoking and health and the manufacture, marketing and sale of their cigarettes, the *Engle* Phase I findings conclusively establish that cigarettes sold and placed on the market by Defendants were defective and breached Defendants' express warranty.

23. As a direct and proximate result of the foregoing, Decedent suffered the injuries described herein.

WHEREFORE, Plaintiff demands judgment for damages, including costs, interest as

applicable, attorney's fees and all other relief this Court deems appropriate.

## COUNT III FOR BREACH OF IMPLIED WARRANTY

24. Plaintiff realleges paragraphs 1 through 24 as is fully set forth herein.

25. With respect to smoking and health and the manufacture, marketing and sale of their cigarettes, the *Engle* Phase I findings conclusively establish that cigarettes sold and placed on the market by Defendants were defective and breached Defendants' implied warranty.

26. As a direct and proximate result of the foregoing, Decedent suffered the injuries described herein.

WHEREFORE, Plaintiff demands judgment for damages, including costs, interest as applicable, attorney's fees and all other relief this Court deems appropriate.

## COUNT IV FOR CIVIL CONSPIRACY TO FRAUDULENTLY CONCEAL

27. Plaintiff realleges paragraphs 1 through 27 as is fully set forth herein.

28. With respect to smoking and health and the manufacture, marketing and sale of their cigarettes, the *Engle* Phase I findings conclusively establish that Defendants, the Council, and the Institute, agreed to conceal or omit information regarding the health effects of cigarettes, or their addictive nature, with the intention that smokers (including the Decedent) and the public would rely on this information to their detriment.

29. Defendants' actions, and those of the Council and Institute, constitute a successful conspiracy to commit fraud.

30. As a direct and proximate result of the foregoing, Decedent suffered the injuries described herein.

WHEREFORE, Plaintiff demands judgment for damages, including costs, interest as applicable, attorney's fees and all other relief this Court deems appropriate.

## COUNT V FOR FRAUDULENT CONCEALMENT

31. Plaintiff realleges paragraphs 1 through 31 as is fully set forth herein.

32. With respect to smoking and health and the manufacture, marketing and sale of their cigarettes, the *Engle* Phase I findings conclusively establish that Defendants concealed or omitted material information not otherwise known, or available, knowing that the material was false or misleading, or failed to disclose a material fact concerning the health effects or addictive nature of smoking cigarettes, or both.

33. Defendants' actions constitute fraud.

34. As a direct and proximate result of the foregoing, Decedent suffered the injuries described herein.

WHEREFORE, Plaintiff demands judgment for damages, including costs, interest as applicable, attorney's fees and all other relief this Court deems appropriate.

## COUNT VI FOR NEGLIGENCE/GROSS NEGLIGENCE

35. Plaintiff realleges paragraphs 1 through 35 as is fully set forth herein.

36. With respect to smoking and health and the manufacture, marketing and sale of their cigarettes, the *Engle* Phase I findings conclusively establish that all Defendants were negligent and grossly negligent.

37. As a direct and proximate result of the foregoing, Decedent suffered the injuries described herein.

WHEREFORE, Plaintiff demands judgment for damages, including costs, interest as applicable, attorney's fees and all other relief this Court deems appropriate.

## COUNT VII: ENTITLEMENT TO PUNITIVE DAMAGES

38. Plaintiff hereby realleges and incorporates the allegations contained in paragraphs 1-18.

39. The foregoing allegations evince that Defendants engaged in fraudulent, willful, wanton, and gross misconduct that: caused injury so gross and flagrant as to show a reckless disregard of human life or of the safety or persons exposed to the effects of such conduct, including Decedent; showed such an entire lack of care that each Defendant must have been consciously indifferent to the consequences; showed such an entire lack of care that each Defendant must have wantonly or recklessly disregarded the safety and welfare of the public, including Decedent; showed such reckless indifference to the rights of others, including Decedent, as to be the intentional violation of those rights.

40. Defendants had actual knowledge of the wrongfulness of such conduct and the high probability that injury or damage to Decedent would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in such injury and damage and the Defendants' conduct, jointly and severally, was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct, including Decedent.

## CAUSATION AND DEMAND

41. As a proximate result of the actions of the Defendants as stated above, Decedent, each Survivor and the Estate have suffered damage and injury including medical and funeral expenses, loss of support and services, mental pain and suffering, interest and expenses, as defined in the Florida Wrongful Death Act.

42. Alternatively, in the event one or more of the Defendants contend that Decedent died of some cause unrelated to smoking cigarettes containing nicotine, Plaintiff asserts injury claims for survival damages pursuant to Section 46.021, Florida Statutes, as Decedent suffered severe permanent bodily injury, pain and suffering mental anguish, loss of capacity for the

enjoyment of life, and lost earnings, the ability to earn money, and medical expenses for care and treatment.

43. Plaintiff demands a trial by jury on all issues so triable.

## GENERAL PRAYER FOR RELIEF

Plaintiff demands judgment against each Defendant and every one of them for: compensatory damages for all injuries and losses described above; punitive damages; all recoverable costs of this action; all legally recoverable interest; and any other relief to which each Plaintiff may be legally or equitably entitled, respectively.

Dated:  November 21, 2011            Respectfully submitted,

/s/ Kathryn E. Barnett
Kathryn E. Barnett
Kenneth S. Byrd
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN  37219
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

Norwood S. Wilner
Janna B. Blasingame
Richard J. Lantinberg
THE WILNER FIRM
444 E. Duval Street, 2nd Floor
Jacksonville, FL  32202
Telephone: (904) 446-9817
Facsimile: (904) 446-9825

*Attorneys for Plaintiff Earl Graham*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was filed electronically on November 21, 2011.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

                /s/ Kathryn E. Barnett