**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

THERESA GRAHAM, as Personal
Representative of the Estate of Faye
Dale Graham,

                Plaintiff,

vs.                                        Case No.:    3:09-cv-13602-J-34JBT

R.J. REYNOLDS TOBACCO COMPANY,
et al.,

                Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the undersigned on Plaintiff Theresa Graham's Application for Attorneys' Fees and Incorporated Memorandum of Law ("Application") (Doc. 319), which she originally filed in the Eleventh Circuit Court of Appeals.[2] Plaintiff asked the Eleventh Circuit to award her attorney's fees in the amount of $519,890.50.[3] Defendants

---

[1] "Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] Also before the undersigned is the "Defendant-Appellants' Objection to Plaintiff-Appellee's Application for Attorneys' Fees" ("Objection") and "Plaintiff-Appellee's Reply in Support of Application for Attorneys' Fees." Theresa Graham v. R.J. Reynolds Tobacco Company, No. 13–14590 (11th Cir.), Docket Entries of July 3, 2017 and July 7, 2017, respectively.

[3] Plaintiff's fee request consists of (1) $366,015.50 for Lieff Cabraser for work performed between June 12, 2013 and May 18, 2017; (2) $135,675.00 for Samuel Issacharoff for work performed between January 23, 2014 and May 26, 2017; and (3) $18,200.00 for Motley Rice for work performed between June 12, 2013 and May 18, 2017. Defendants made no objection to the

1

disputed Plaintiff's entitlement to fees. However, as to the amount, they disputed only $55,563.00. The disputed amount consists of $37,161.50 in fees for work performed before this Court and $18,401.50 in attorney travel time to attend oral argument. The Eleventh Circuit Court of Appeals ruled that Plaintiff is entitled to attorney's fees, but it transferred the Application to this Court to "determine the reasonable amounts of appellate attorney's fees and costs…." (Doc. 318 at 1).[4] The Application was referred to the undersigned for a report and recommendation. (Doc. 320). The undersigned respectfully recommends that the Court **GRANT** Plaintiff's Application to the extent of **$482,729.00**, which includes fees for the disputed attorney travel time, and **DENY** the Application to the extent of $37,161.50, without prejudice to Plaintiff filing a supplemental motion for district court attorney's fees.[5]

I.   **Summary of Recommendation**

Following the Eleventh Circuit Court of Appeals's en banc decision in Graham v. R.J. Reynolds Tobacco, Co., 857 F.3d 1169 (11th Cir. 2017), Plaintiff moved the Eleventh Circuit to award her attorney's fees pursuant to Florida's offer-of-judgment statute, Fla. Stat. §§ 768.79(1) and (7)(b). Plaintiff asserted that she was entitled to attorney's fees in the amount of $519,890.50. Defendants countered that the fee request was untimely under 11th Cir. Rule 39-2, and therefore should be denied. (Objection at 13, 14-16).

---

sums requested for Mr. Issacharoff or Motley Rice. Rather, Defendants objected only "to $55,563 in fees that [Plaintiff] is claiming for work performed [by Lieff Cabraser] in the district court prior to th[e] appeal and for attorney travel time." (Objection at 13).

[4]   Page numbers refer to the number designated by the electronic filing system.

[5]   This Recommendation also contemplates that Defendants may raise any objection or defense to any supplemental motion for attorneys' fees.

2

Alternatively, Defendants stated that if the Eleventh Circuit found that the fee request was timely, they objected to $55,563.00 of the attorney's fees. (Id. at 13). Defendants raised two discrete objections to the amount. First, they argued that the Eleventh Circuit lacked authority to grant $37,161.50 of the requested fees because it was for work performed in the district court before the appeal. (Id. at 16-17). Second, Defendants argued that $18,401.50 was billed for attorney travel time, which they contended was not awardable as a matter of Florida law. (Id. at 17-18).[6] The Eleventh Circuit ruled that Plaintiff was entitled to attorney's fees, thereby rejecting Defendants' untimeliness argument. (Doc. 318 at 1). The Eleventh Circuit then tasked this Court with determining the appropriate amount of appellate attorney's fees. (Id.).

As to the $37,161.50 in attorney's fees for work performed prior to the appeal, the undersigned agrees with Defendants that Plaintiff should not have requested those fees from the Eleventh Circuit. Rather, because this amount is for work performed in this Court, Plaintiff should move this Court in the first instance to award such fees. As to the $18,401.50 for attorney travel time, the undersigned recommends that the Fourth District Court of Appeal's decision in Palm Beach Polo Holdings, Inc. v. Stewart Title Guar. Co., 132 So. 3d 858, 862 (Fla. 4th DCA 2014), is on point, and entitles Plaintiff to recover fees for attorney travel time.

---

[6] The travel time is based on the time that three of Lieff Cabraser's attorneys – Jerome Mayer-Cantu, Jordan Elias, and Andrew Kaufman – spent attending two oral arguments. (Id. at 17). Elias and Mayer-Cantu traveled from San Francisco, California for the panel oral argument (Doc. 319 at 43, ¶¶ 10-11), which took place in Miami, Florida, No. 13-14590 (11th Cir.), Docket Entry of October 9, 2014. Kaufman traveled from Nashville, Tennessee for the en banc oral argument (Doc. 319 at 42, ¶ 9), which took place in Atlanta, Georgia, No. 13-14590 (11th Cir.), Docket Entry of May 20, 2016.

II. Analysis

A. Attorney's Fees for Work Performed in the District Court

Defendants objected that the Eleventh Circuit lacked authority "under 11th Circuit Rule 39-2 to award attorneys' fees for work performed in the district court prior to the initiation of this appeal." (Objection at 16). Defendants contended that the Eleventh Circuit could only "award attorney's fees and costs <u>for the work expended before it</u>." (<u>Id.</u> at 17) (emphasis in original) (quoting <u>Mills by Mills v. Freeman</u>, 118 F.3d 727, 734 (11th Cir. 1997) (superseded on other grounds by 11th Cir. R. 39-2(a)). Because Plaintiff's application for attorney's fees included $37,161.50 for work performed in <u>this</u> Court before the appeal (and Plaintiff did not first move this Court to award those fees), Defendants argued that the Eleventh Circuit could not award those fees in the first instance.

The undersigned recommends that if Plaintiff wishes to recover attorney's fees for work performed in this Court, Plaintiff must first file a supplemental motion for attorney's fees before this Court. "Whether attorney's fees should be awarded and, if so, the amount to be allowed are matters that should normally be determined in the first instance by a trial court, subject of course to appellate review." <u>Stone v. City of Wichita Falls</u>, 668 F.2d 233, 233 (5th Cir. 1982) (citing <u>United States v. Texas Construction Co.</u>, 237 F.2d 705, 707 (5th Cir. 1955)).[7] Plaintiff has not yet moved this Court to award the $37,161.50 in attorney's fees for work expended prior to the appeal. Therefore, the undersigned

---

[7] Decisions of the former Fifth Circuit Court of Appeals that were handed down before the close of business on September 30, 1981, are binding as precedent in the Eleventh Circuit. <u>Bonner v. City of Prichard, Ala.</u>, 661 F.2d 1206, 1207 (11th Cir. 1981). Although <u>Stone</u> was decided after the circuit split, <u>Texas Construction</u> was decided before the split, and thus is binding.

4

recommends that the Court deny Plaintiff's request for the attorney's fees incurred in this Court without prejudice to Plaintiff filing a supplemental motion for such fees.

B.  **Travel Time**

Plaintiff's request for attorney's fees also includes $18,401.50 in attorney travel time, based on the time that three of Lieff Cabraser's attorneys spent attending the oral arguments on appeal. (Objection at 17). Defendants argue that attorney travel time is not compensable as a matter of Florida law.[8]

As the Eleventh Circuit ruled, Plaintiff is entitled to attorney's fees pursuant to Florida's offer-of-judgment statute, Fla. Stat. § 768.79. Florida's offer-of-judgment statute is substantive law for Erie[9] purposes, and therefore applies in diversity actions like this one. Horowitch v. Diamond Aircraft Industries, Inc., 645 F.3d 1254, 1258 (11th Cir. 2011) (citing Jones v. United Space Alliance, LLC, 494 F.3d 1306, 1309 (11th Cir. 2007)). In applying Florida substantive law, this Court must follow the rulings of the Florida Supreme Court. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1348 (11th Cir. 2011). Where the Florida Supreme Court has not spoken, the decisions of the state's intermediate appellate courts provide the best evidence of how that court would rule. Id. (citing Bravos v. United States, 577 F.3d 1324, 1325 (11th Cir. 2009)). Thus, as a general matter, a federal court applying Florida law must follow these intermediate courts' decisions unless "persuasive evidence demonstrates that the highest court would conclude otherwise." Id. (citations omitted).

---

[8]  Defendants did not contest the reasonableness of the travel expenses, only whether they are awardable at all.

[9]  Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

5

The undersigned recommends that the Fourth District Court of Appeal's decision in Palm Beach Polo Holdings, 132 So. 3d 858, is on point, and supports Plaintiff's right to recover fees for attorney travel time. In that case, which like this one involved an award of attorney's fees pursuant to the offer-of-judgment statute, the court ruled that the prevailing party was entitled to compensation for attorney travel time. Id. at 862. As the court explained:

> The insured next argues that the court erred in awarding fees for travel time. The insurer responds that travel time is compensable under the offer of judgment statute because they are meant as a sanction. We again agree with the insurer.
>
> \*\*\*
>
> Although travel time is generally not compensable, travel time may be awarded as part of a sanction under certain circumstances, such as where a party was aware that his actions could result in unnecessary litigation. See Eve's Garden, Inc. v. Upshaw & Upshaw, Inc., 801 So.2d 976, 979 (Fla. 2d DCA 2001). An award of fees under section 768.79, Florida Statutes, is a "sanction against a party who unreasonably rejects a settlement offer." Attorneys' Title Ins. Fund, Inc. v. Gorka, 36 So.3d 646, 649 (Fla. 2010). We therefore find no error in awarding fees for travel time.

Palm Beach Polo Holdings, 132 So. 3d at 861–62.

Although the Florida Supreme Court does not appear to have ruled on whether attorney travel time is recoverable under the offer-of-judgment statute, the Fourth District Court of Appeal's reasoning seems to be supported by the Florida Supreme Court and other District Courts of Appeal. The First and Second District Courts of Appeal also recognize that attorney travel time is awardable as a sanction. Consultech of Jacksonville, Inc. v. Dep't of Health, 876 So. 2d 731, 735-36 (Fla. 1st DCA 2004); Eve's Garden, Inc.,

801 So. 2d at 979.[10] And importantly, the Florida Supreme Court describes the award of attorney's fees under the offer-of-judgment statute as "a sanction against a party who unreasonably rejects a settlement offer." Gorka, 36 So. 3d at 649 (citing Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003)). Therefore, the holding in Palm Beach Polo Holdings is persuasive evidence that the Florida Supreme Court would rule that attorney travel time is recoverable pursuant to the offer-of-judgment statute, Fla. Stat. § 768.79.

While Defendants contend that attorney travel time is not compensable, they rely only on cases that did not involve fee awards under the offer-of-judgment statute. (Objection at 17) (citing Mandel v. Decorator's Mart, Inc. of Deerfield Beach, 965 So. 2d 311, 315 (Fla. 4th DCA 2007); Belmont v. Belmont, 761 So. 2d 406, 407 (Fla. 2d DCA 2000); Gwen Fearing Real Estate, Inc. v. Wilson, 430 So. 2d 589, 590 (Fla. 4th DCA 1983)). Thus, Defendants' cases are inapposite. Defendants also contend that attorney travel time is not compensable under the Statewide Uniform Guidelines for Taxation of Costs. (Objection at 17-18) (citing In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So. 2d 612, 617 (Fla. 2006)). However, the guidelines do not "limit the amount of costs recoverable under a contract or statute." In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So. 2d at 616; Fla. R. Civ. P., App'x II, Uniform Guidelines for Taxation of Costs in Civil Actions. Because the award of attorney's fees

---

[10] The undersigned's research did not reveal any contrary holding from the Florida Supreme Court or the Third or Fifth District Courts of Appeal.

here is "under a ... statute," i.e., Fla. Stat. § 768.79, the guidelines do not limit or prohibit the recovery of attorney travel time.[11]

Therefore, contrary to Defendants' position, attorney travel time is awardable in a case like this one, where Plaintiff is recovering attorney's fees pursuant to the offer-of-judgment statute.[12] Moreover, Defendants raised no objection to the reasonableness of the travel time, and the amount requested does not appear unreasonable on its face.[13] Each of the lawyers whose travel time is disputed performed substantial work on the appeal (see Doc. 319 at 182-90), the issues on appeal were novel and complex, see En Banc Briefing Notice, No. 13-14590 (11th Cir.), Docket Entry of March 23, 2016, and this case required both panel and en banc oral argument. As such, the undersigned recommends including the requested travel time in the award of attorney's fees.

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an Order:

1. **GRANTING** Plaintiff's Application for Attorneys' Fees (Doc. 319) to the extent of **$482,729.00**;

---

[11] The guidelines are also "advisory only," and do not alter "the broad discretion of the trial court" to allocate fees. 915 So. 2d at 616. Thus, even when the guidelines apply, "there is no absolute bar" against awarding travel time. Madison v. Midland Nat. Life Ins. Co., 648 So. 2d 1226, 1228 (Fla. 4th DCA 1995).

[12] Additionally, in a case that was not decided under the offer-of-judgment statute, the First District Court of Appeal implied that time spent traveling to present appellate oral argument is compensable. See Pellar v. Granger Asphalt Paving, Inc., 687 So. 2d 282, 285 (Fla. 1st DCA 1997). In affirming a lower court's decision to award less than the requested amount of appellate attorney's fees and costs, the court observed that "[t]here was no oral argument and consequently no expense incurred for preparation or travel to the appellate court." Id. The court in Pellar thus suggested that had the prevailing party's attorney been required to travel to oral argument, the travel time in doing so would have been recoverable.

[13] Defendant did not object to the requested hourly rates. In light of the lack of opposition, the undersigned recommends that they be allowed. Were these hourly rates contested, the undersigned's recommendation might be different.

2. **DENYING** Plaintiff's request for $37,161.50 in attorney's fees incurred in this Court, without prejudice to Plaintiff filing a supplemental motion for such attorney's fees within 30 days of the entry of an order on this Report and Recommendation, after conferral with Defendants pursuant to Local Rule 3.01(g); and

3. Stating substantially the following:

"The Clerk of Court is directed to enter judgment in favor of Plaintiff, Theresa Graham as Personal Representative of the Estate of Faye Dale Graham, c/o Lieff Cabraser Heimann & Bernstein, LLP, 275 Battery Street, Fl. 29, San Francisco, CA 94111, and against Defendants Philip Morris USA, Inc. and R.J. Reynolds Tobacco Company, Inc., jointly and severally, in the amount of $482,729.00, representing $328,854.00 in attorney's fees for Lieff Cabraser, $135,675.00 in attorney's fees for Samuel Issacharoff, Esq., and $18,200.00 in attorney's fees for Motley Rice, LLC. Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961."

**DONE AND ENTERED** at Jacksonville, Florida this 17th day of November, 2017.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of record

9